UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
WAYNE W. NESMITH, :
:
                             Plaintiff, :        **REPORT AND**
:        **RECOMMENDATION**
         - against - :
:        09 Civ. 9949 (SCR)(PED)
MOUNT VERNON CITY SCHOOL DISTRICT :
   et al. :
:
                          Defendants. :
:
------------------------------------------------------------x

TO:   THE HONORABLE STEPHEN C. ROBINSON
       UNITED STATES DISTRICT JUDGE

**INTRODUCTION**

Plaintiff (who is proceeding pro se[1]) has filed a complaint ("Complaint")(Docket entry # 1), which was later supplemented (rather than superseded) by an Amended Complaint ("Amended Complaint")(see Docket entries ## 6-7), alleging that Defendants Workers' Compensation Board (the "Board"), Mount Vernon City School District (the "District"), and District human resources executive director Dahlia A. Jackson ("Ms. Jackson")[2]: (1) violated his

---

[1]    Because Plaintiff filed this Complaint pro se, the allegations of his Complaint are construed liberally, to set forth the strongest arguments they suggest. See Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007); Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999). Moreover, in construing his claims, the Court has considered the allegations and arguments set forth by Plaintiff in open court at the conference held before me on March 22, 2010, as well as those contained in Plaintiff's July 8th filing (appearing as Docket entry # 57)("Opposition"). See Tsai v. Rockefeller, 137 F. Supp. 2d 276, 280 (S.D.N.Y. 2001)(factual allegations raised in pro se plaintiff's opposition treated as part of complaint)(citing Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987)).

[2]    Plaintiff also named as a defendant an individual by the name of Gail Schwarting, who Plaintiff asserted was an employee of the Workers' Compensation Board. The Board denies that Ms. Schwarting was ever employed by it and believes instead that she may have been an

rights to equal treatment arising under (a) Title VII of the Civil Rights Act of 1964 and (b) the Fourteenth Amendment of the United States Constitution, (2) violated his constitutional Eighth Amendment right to be free from cruel and unusual punishment, (3) violated his constitutional First Amendment right to be free from retaliation by a government entity for engaging in protected speech, and (4) violated his constitutional Fourteenth Amendment due process rights.[3]

Before the Court are Defendants' Motions to Dismiss the Complaint and Amended Complaint (Docket entries ## 15-16, 43, 49), with accompanying Memoranda of Law and Affirmations in Support (Docket entries ## 15, 17, 18, 20, 23, 43, 49, 50)(collectively, the "Motions"), referred to the undersigned for "All Matters" by order dated December 8, 2009 (Docket entry # 2). Defendants seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[4] For the reasons set forth

---

employee of the District's insurance carrier (Right Risk Management). (Mar. 22nd Tr. 10:13-24.) In any event, Ms. Schwarting was never properly served with the Complaint, as Mr. Nesmith acknowledges that he attempted to serve her only by mailing the Complaint to the Workers' Compensation Board. (Mar. 22nd Tr. 10:13-24.) Accordingly, Ms. Schwarting should be dismissed as a Defendant in this action under Federal Rule of Civil Procedure 12(b)(5).

[3]  Subsequent to the filing of the Amended Complaint, Defendants Mount Vernon City School District and Dahlia A. Jackson filed a motion for a more definite statement (Docket entry # 14), to which Plaintiff did not respond despite having been granted an extension of time in which to respond.

[4]  The Board also seeks dismissal under Rule 12(b)(1) of any claim for workers' compensation benefits. The Board argues that "to the extent this is a lawsuit to recover [Plaintiff's] workers' compensation benefits, the court lacks jurisdiction" and this claim should be dismissed for lack of jurisdiction because ongoing state proceedings before the Board implicate the principles of abstention set forth in Younger v. Harris, 401 U.S. 37 (1971). (Board Mot. At 10.) Plaintiff has not challenged Defendant's assertion factually or legally. However, even giving Plaintiff's pleadings and other submissions a broad and liberal construction, as is required because he is proceeding pro se, Bertin, 478 F.3d at 491 and Marmolejo, 196 F.3d at 378, I do not read them to assert a workers' compensation claim and have, therefore, not addressed the Board's argument on this issue.

below, I respectfully recommend that Defendants' Motions be GRANTED as to all claims except for Plaintiff's Fourteenth Amendment equal protection claim, as to which the Motions should be DENIED.

**FACTS[5]**

In early June of 2009, Plaintiff Wayne Nesmith was an assistant principal and administrator at Longfellow Middle School. On or about June 11, 2009, while performing duties in his role as an administrator, Plaintiff was injured by a student who physically attacked him. As a result of this injury, Plaintiff required medical and psychological treatment and was diagnosed as having post-traumatic stress disorder arising (PTSD) from the incident. Because of the PTSD, Plaintiff went on leave from work.[6] Plaintiff sought to obtain workers' compensation benefits in connection with his psychological (and possibly also his physical) injuries.

At some point after Plaintiff was assaulted, his position title was changed from that of an assistant principal and administrator to that of a teacher.[7] Although it is not at all clear from the pleadings or other submissions of Plaintiff, it appears that Plaintiff did in fact receive some workers' compensation benefits, though not the full amount to which he believes he was entitled. At least part of this appears to have resulted from the reclassification of his job to that of a

---

[5] Plaintiff's Complaint and Amended Complaint are not a model of clarity. For purposes of this motion to dismiss, the facts are outlined here (as best as possible) as presented by Plaintiff and all ambiguities are construed – and inferences drawn – in favor of Plaintiff. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

[6] I note – without making any factual findings or suggesting any legal implications – that Plaintiff's leave appears to be one fairly characterized as medical leave and/or workers' compensation leave.

[7] Plaintiff alleges that this was a demotion. (Opp. at 4.)

3

teacher, which, apparently, entitles him to lesser benefits under the workers' compensation policy in place than he would be entitled to as an assistant principal and administrator.[8]

Plaintiff alleges that Defendant Dahlia Jackson "acted in concert in a conspiracy" with Defendant Gail Schwarting[9] to "plot an insidious scheme" to deprive Plaintiff of workers' compensation benefits by failing to provide proper notice to the state workers' compensation board, submitting "false claim[s]" to the workers' compensation board,[10] requesting and submitting an improper physician's progress report to the state workers' compensation board, failing to pay workers' compensation benefits for (at least) July and August of 2009, and "reduc[ing] plaintiff's compensation from [an] administrator's lost time wages to [a] teacher[']s lost time wages[s] without giving reason for the drastic curtailment in the administrative procedures." (Compl. at 4; Am. Compl. at 5; Opp. at 4.) According to Plaintiff, this administrative decision "mirrors an arbitrary and capricious or discriminatory practice prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e," constituting "disparate treatment." (Compl. at 3.) He also alleges that it was "in retaliation against plaintiff for [his] exercise of protected free speech First Amendment rights for reporting [Plaintiff's] work related injury of assault by [a] student to [the] police." (Am. Compl. at 1-2.) Plaintiff further alleges

---

[8]  Plaintiff alleges that the workers' compensation policy would have afforded an administrator who suffered the assault suffered by Plaintiff "legal counsel" and "sixty [(60)] days of fully pay and compensation . . . at administrative pay[,] plus medical treatment upon recipient exceeding the sixty day limit." (Compl. at 3.) It is not clear what a teacher who suffered the assault Plaintiff suffered would receive under the policy, though, apparently, it is something less in terms of both rate of pay (for lost wages) and medical benefits.

[9]  Plaintiff also alleges that the Board, too, acted in concert with Ms. Jackson and Ms. Schwarting to deprive him of various rights. (Am. Compl. at 2; Opp. at 4.)

[10]  Plaintiff also alleges that the Board provided false medical reports to the Administrative [Law] Judge (presumably the judge presiding over Plaintiff's workers' compensation claim). (Opp. at 5.)

that "Ms. Jackson['s] administrative decision failed to provide plaintiff with any attorney mandated by Mount Vernon [School District] administrative procedures[,] and in effect, impermissibl[y] deprived [Plaintiff of] First Amendment Constitutional freedoms . . . ." (Compl. at 4-5.)

Plaintiff alleges that Defendant Gail Schwarting[11] acted improperly in conspiracy with Ms. Jackson by "disregard[ing] the attending psychologist's report that evaluates [Plaintiff] as having psychological trauma from the assault resulting in injury," and "chill[ing] plaintiff's protected First Amendment speech to administrator review upon movant presenting the psychologist's medical report, an objective medical criteria that supports continuing the claim for compensation." (Compl. at 4.) Plaintiff alleges that Ms. Schwarting's "request for an independent medical M.D. physician's examination is repetitious hence wholly improper" and that "under compensation law, plaintiff should have been examined by a psychiatrist to make its determination delineating the current status of plaintiff's psychological impairment[,] thus making the administrative decision a fair[,] impartial evaluation." (Compl. at 4.)

Plaintiff further alleges (albeit without much clarity as to the specifics of his allegations) that the Defendants' conduct violated his due process rights, constituted deliberate indifference to his "medical profile" and "medical needs," and constituted "cruel and unusual punishment." (Am. Compl. at 1, 3; Opp. at 1-3.) He alleges that the workers' compensation policy at issue is unconstitutionally vague and infringes on First Amendment free speech rights. (Am. Compl. at 2; Opp. at 3.) He also alleges that it is fair in form and intent but discriminatory in operation (or,

---

[11]   See footnote 2 herein.

5

in other words, that it has an impermissibly disparate impact upon a protected class). (Compl. at 3; Am. Compl. at 5.)

Although his Complaint and Amended Complaint refers to his allegations of disparate impact on "the protected class" (Compl. at 5; Am. Compl. at 2, 4), Plaintiff fails to identify anywhere in his pleadings or other submissions what protected class it is that he believes is at issue. At the March 22nd conference before me, Plaintiff was given an opportunity to explain what happened to him and to clarify his claims.[12] When asked who the workers' compensation policy at issue discriminated against, he answered only "myself." (March 22nd Tr. 6:14-15.) When asked to clarify how he felt he had been discriminated against and what the basis for his federal claim was, Plaintiff stated only that he was discriminated against because he was an administrator. Even when provided with several potentially applicable bases of discrimination that might have given rise to a federal claim, he failed to identify any basis for discrimination by

---

[12]   Plaintiff's oral summary of the facts of his case at the March 22nd conference (which was much more clear and concise than any version set forth in his pleadings or other submissions) was:

> I was assaulted by a student. I applied for workers' compensation. The Mount Vernon City School District denied my workers' compensation, and they denied me medical coverage. So I was taken off the payroll and denied medical coverage, as well. So I'm – my results are reduced to a teacher's pay.
>
> . . .
>
> [T]he policy of the Mount Vernon City School District, it states – it states that on Page 19 that I was supposed to receive an attorney from Mount Vernon City School District to navigate through the policies and the things that I was supposed to receive to become whole again, to be able to return to work. And I did not receive an attorney. In fact, my pay was reduced and my medical coverage was canceled.

(March 22nd Tr. 5:9-14, 5:19-6:1.)

any of the Defendants other than his status as an administrator.[13] In responding to Plaintiff's claim that he was discriminated against on the basis of his status as an administrator, counsel for some of the Defendants indicated that it was his understanding that Plaintiff was referring to his status in the union's collective bargaining administrators' group. (March 22 Tr. 9:1-17.)

At the March 22nd conference, Plaintiff was also given an opportunity to amend his Complaint (for a second time) in writing to clarify the claims he is asserting, though he failed to file any such amendment, despite having been granted an extension of time of over two (2) weeks beyond the initial thirty-two (32) days he was given to file the amendment. (March 22 Tr. 14:8-19, 15:3-9.)

Although it is not entirely clear exactly what relief Plaintiff is seeking, it appears that he seeks relief in the form of compensatory damages (in an amount of eighteen thousand dollars

---

[13]    COURT:       Sir, you say "discrimination," but the federal antidiscrimination laws do not prohibit all form of differential treatment of different people. You need to articulate why it is – what your claim is, what your federal claim is. Is it based on race? Is it based on disability? Is it based on gender? Is it based on national origin? What are you claiming here?

        PLAINTIFF:   Well, it's disparate impact based on the fact that I was an administrator. I can't – that the only illustration I can give is I was an administrator, and I was denied my pay and denied my medical coverage.

        COURT:       Okay. And are you claiming that they did that to you because you are an administrator, or for some other reason?

        PLAINTIFF:   I don't know. That's why I'm here. I really don't know why they did that. I believe that I'm a protected class because of the workers' compensation policy.

        COURT:       You're a protected class? What protected class do you believe that you're a member of?

        PLAINTIFF:   Because I was injured. I'm supposed to receive compensation, and my compensation was denied.

(March 22nd Tr. 6:25-7:20.)

($18,000)), punitive damages (in an amount of thirty-six million dollars ($36,000,000)), declaratory relief (declaring the workers' compensation policy unconstitutional), and injunctive relief (ordering the District to rewrite the policy). (Am. Compl. at 1-2)

Defendants' Motions seek dismissal of Plaintiff's claims for failure to state a claim upon which relief can be granted (in part for failure to comply with the pleading standards set forth in Rule 8(a)). In connection with his opposition to these motions, Plaintiff seeks attorneys' fees and sanctions (under Rule 11), as he claims the motions are "frivolous." (Opp. at 5-6.)

For the reasons that follow, I conclude that the Motions should be granted in part and denied in part.[14]

## DISCUSSION

### I. Applicable Legal Standard

When reviewing a complaint upon a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all the complaint's well-pleaded factual allegations and draw all inferences in favor of the plaintiff. Cleveland v. Caplow Enterprises, 448 F.3d 518, 521 (2d Cir. 2006). A complaint should be dismissed only if it fails to set forth sufficient allegations of fact to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

[14] Plaintiff also states that he wishes to seek "[c]ertification of the case as a class action." (Am. Compl. at 2.) However, the Complaint does not contain any allegations as to the existence of the prerequisites for a class action under Rule 23(a), Fed. R. Crim. P., and "a pro se plaintiff may not act as the representative of a class." Terio v. Johann, 2006 WL 2819659, at *1 n.4 (S.D.N.Y. 2006).

Rule 8(a) mandates, inter alia, that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support, and (2) a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a).

When reviewing a complaint upon a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court must accept as true all the complaint's well-pleaded factual allegations and should construe all ambiguities and draw all inferences in favor of the plaintiff. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Id. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

Because Plaintiff is proceeding pro se, this Court must give the Complaint, as well as Plaintiff's other submissions, a liberal construction that sets forth the strongest claims it suggests. See Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007); Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999); Tsai v. Rockefeller, 137 F. Supp. 2d 276, 280 (S.D.N.Y. 2001)(factual allegations raised in pro se plaintiff's opposition treated as part of complaint)(citing Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987)).

II. **Title VII Claims**

In his pleadings, Plaintiff has identified claims for discrimination in violation of Title VII on both a disparate treatment and disparate impact theory of liability.[15] (See Compl. at 3; Am. Compl. at 2-4.) Defendants have moved to dismiss these claims under Rule 12(b)(6) for failure to state a claim due in part to a failure to comply with the requirements of Rule 8(a)(2). (Board Mot. at 8-9; Aff. of Cannick ¶¶ 8, 12-14; Supp. Aff. of Cannick ¶ 5.)

In order to survive a motion to dismiss, an asserted Title VII discrimination claim must identify the protected basis upon which the plaintiff believes he or she was discriminated against. See Kiley v. American Society for Prevention of Cruelty to Animals, 296 Fed. Appx. 107, 109 (2d Cir. 2008).[16] Despite numerous opportunities to identify a protected class to which he belongs and upon which basis he claims to have been discriminated against, Plaintiff has identified only his status as a member of a union collective bargaining administrators' group. Title VII protects against discrimination in employment based only upon race, color, gender, national origin, and/or religion. 42 U.S.C. § 2000e-2(a)(1); Ricci v. DeStefano, 129 S. Ct. 2658, 2672 (U.S. 2009). Union members (or members of a particular group within a union) are not a protected class under Title VII. Id. Accordingly, I conclude – and respectfully recommend that Your Honor should conclude – that Plaintiff has failed to state a claim under Title VII and his

---

[15] Plaintiff has not invoked the Americans With Disabilities Act and has disavowed any claim of discrimination on the basis of disability. See footnote 13 supra. Accordingly, even giving Plaintiff's pleadings and other submissions a broad and liberal construction, I do not read Plaintiff's pleadings as stating any such claim.

[16] Pursuant to the suggestion of the Court of Appeals in Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009), plaintiff will be provided with copies of all cases cited herein which are reported only on electronic databases or in the Federal Appendix.

Title VII disparate impact and disparate treatment claims must therefore be dismissed. See Kiley, 296 Fed. Appx. at 109.[17]

### III. Fourteenth Amendment Equal Protection Claims

Giving Plaintiff's pleadings and other submissions a broad and liberal construction, as is required because he is proceeding pro se, Bertin, 478 F.3d at 491 and Marmolejo, 196 F.3d at 378, I read Plaintiff to assert a claim under 42 U.S.C. § 1983 for discrimination on the basis of union membership in violation of Plaintiff's Fourteenth Amendment equal protection rights.[18] (See generally Compl., Am. Compl., and Opp. (setting forth claims of disparate treatment and disparate impact discrimination and discussing Plaintiff's alleged demotion from a position as a principal and administrator to a position as a teacher and corresponding reduction in compensation and benefits); see also March 22nd Tr. 6:25-7:10 (explanation from Plaintiff that

---

[17] Furthermore, before an individual may bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the Equal Employment Opportunity Commission (EEOC) or the equivalent state agency (in this case, the New York State Division of Human Rights (SDHR)) and remedies within the agency(ies) must be exhausted. 42 U.S.C. § 2000e-5; Williams v. New York City Housing Authority, 458 F.3d 67, 69 (2d Cir. 2006). A plaintiff has the burden of proving that administrative remedies have been exhausted in connection with any claim brought under Title VII. See Bey v. Welsbach Elec. Corp., 38 Fed. Appx. 690, 692 (2d Cir. 2002). Although he notes in passing that "this Verified Complaint is amended to Plaintiff's application on file to Equal Employment Opportunity Commission" (Compl. at 1), Plaintiff has provided no proof (such as the customary "right-to-sue letter" issued by the EEOC) that he filed an administrative charge with the EEOC or the SDHR concerning the allegations underlying his purported Title VII claims, or that he exhausted his remedies with either of those agencies. Thus, failure to exhaust administrative remedies is a second, independent basis for dismissal of Plaintiff's Title VII claims. See Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir. 2001).

[18] By order dated June 17, 2010 (Docket entry # 47), the Court notified Defendants that it was reading Plaintiff's pleadings as stating such a claim and requested additional briefing concerning whether the claim was subject to dismissal. Defendants' additional briefing appears as Docket entries ## 49-50.

11

"[I]t's disparate impact based on the fact that I was an administrator. . . . I was denied my pay and denied my medical coverage."), 9:1-14 (explanation from Defense counsel that, "having had the opportunity to appear with Mr. Nesmith <u>with respect to what he believes has been the harm here</u> . . . what he made reference to is an excerpt from the collective bargaining administrators' group. . . . <u>Mr. Nesmith being a member of the administrators' group</u>, there is a procedure that's involved here, in terms of if you believe that you've been harmed under this agreement, then there is a grievance procedure. . . where he'd have to file <u>with the local union</u>. . . .")(emphasis added).)

It is well-established that union members are entitled by the Fourteenth Amendment of the United States Constitution to equal protection of the laws and freedom from unjustified discrimination by state actors. U.S. Const. Amend. XIV, § 1; <u>City of Cleburne v. Cleburne Living Center</u>, 473 U.S. 432, 439 (1985)(equal protection generally); <u>City of Charlotte v. Local 660, International Association of Firefighters</u>, 426 U.S. 283 (1976)(union members); <u>Cobb v. Pozzi</u>, 363 F.3d 89 (2d Cir. 2004)(union members). "Although union members are not a suspect class, the Supreme Court has held that discrimination based on union membership must satisfy the rational basis test to survive scrutiny under the Equal Protection Clause." <u>Bond v. Board of Education of the City of New York</u>, 1999 WL 151702, at *4 (E.D.N.Y. 1999)(citing <u>City of Charlotte</u> and <u>Local 749, AFSCME, Council 4, AFL-CIO v. Ment</u>, 945 F. Supp. 30, 36 (D. Conn. 1996)).

In order for a Fourteenth Amendment equal protection claim to survive a motion to dismiss, a plaintiff must allege purposeful discrimination directed at an identifiable class (which may include a "class of one"). See <u>Giano v. Senkowski</u>, 54 F.3d 1050, 1057 (2d Cir. 1995); <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564-65 (2000)("class of one"). In addition to

alleging discrimination on the basis of union membership, Plaintiff has clearly alleged that the discrimination was purposeful. (Compl. at 4, 6; Opp. at 4.) Therefore, his allegations with respect to this claim are sufficient to survive a motion to dismiss.

Accordingly, I conclude – and respectfully recommend that Your Honor should conclude – that Defendants' motions to dismiss Plaintiff's Fourteenth Amendment equal protection claim should be denied and this claim should be permitted to proceed toward trial as to all remaining Defendants in this action (i.e., the Board, the District, and Ms. Jackson) so that Plaintiff can obtain discovery to identify the appropriate Defendants against whom this claim might prevail.

## IV.     Eighth Amendment Claim

Plaintiff has alleged that Defendants' conduct constituted cruel and unusual punishment in violation of his Eighth Amendment constitutional rights.[19] (See Am. Compl. at 1; Opp. at 3.) Defendants have moved to dismiss these claims under Rule 12(b)(6) for failure to state a claim due in part to failure to comply with the requirements of Rule 8(a)(2). (Board Mot. at 5-7; Aff. of Cannick ¶¶ 8-10, 12-14.) It is not clear from Plaintiff's pleadings and other submissions what the basis is for this claim. It appears that he is claiming that the Defendants' denial of (and/or interference with his ability to obtain) workers' compensation benefits amounted to cruel and unusual punishment.

The cruel and unusual punishments clause of the Eighth Amendment applies "primarily, and perhaps exclusively, to criminal prosecutions and punishments." Browning-Ferris v. Kelco Disposal, 492 U.S. 257, 262 (1989). Because Plaintiff has not alleged that he was charged with a crime or a civil violation, or that he was subjected to punishment, he has failed to state a claim

---

[19]     Presumably, Plaintiff intends to assert this claim under 42 U.S.C. Section 1983.

under the Eighth Amendment. See Jenkins v. NYC Dep't. Of Homless Svcs., 643 F.Supp.2d 507, 511-12 (S.D.N.Y. 2009).

Accordingly, I conclude – and respectfully recommend that Your Honor should conclude – that Plaintiff's claim for cruel and unusual punishment should be dismissed for failure to state a claim upon which relief can be granted.

## V.    First Amendment Claims

Plaintiff – a public employee – alleges that his First Amendment rights were violated by Defendants.[20] (Am. Compl. at 2-3; Opp. at 3.) Although it is not entirely clear how Plaintiff alleges his rights were violated, it appears that he is claiming that (1) the workers' compensation policy in place was sufficiently vague to chill protected speech, and (2) he was retaliated against by Ms. Jackson for reporting to the police that a student had assaulted him.[21]

The first of these potential claims is too unintelligible to require a response from Defendants or to withstand a motion to dismiss, as it does not meet the minimum pleading standards set forth in Rule 8(a). See Fed. R. Civ. P. 8(a); Wynder v. McMahon, 360 F.3d 73, 79-80 (2d Cir. 2004). Plaintiff has failed to amend his Complaint (and supplemental Amended Complaint) to provide clarity to his claims despite having been given the opportunity to do so. Accordingly, this claim should be dismissed. Id.

---

[20]    Presumably, Plaintiff intends to assert these claims under 42 U.S.C. Section 1983.

[21]    Although a First Amendment retaliation claim based upon union membership might be plausible under Plaintiff's version of the facts, it seems clear from Plaintiff's allegations that he alleges retaliation specifically for reporting the student's assault, rather than for his association with a union. (Opp. at 3.)

To state a First Amendment retaliation claim, a Plaintiff must, inter alia, allege that the retaliation was in response to speech that is protected by the First Amendment. See, e.g., Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004). In order for the speech of a public employee to be protected speech, it must involve a matter of public concern and not just a private issue. Id. (citing Johnson v. Ganim, 342 F.3d 105, 112 (2d Cir. 2003)). Plaintiff's report to the police that he was assaulted by a student was clearly a matter of private – not public – concern. Therefore, Plaintiff has not stated a claim for First Amendment retaliation.

Accordingly, I conclude – and respectfully recommend that Your Honor should conclude – that Plaintiff's First Amendment claims should each be dismissed for failure to state a claim.

## VI.   Fourteenth Amendment Due Process Claim

Plaintiff appears to allege that the workers' compensation policy at issue (and/or the Defendants' administration of – or interference with administration of – the policy) violated his Fourteenth Amendment due process rights.[22] (Compl. at 5; Am. Compl. at 3; Opp. at 2.) However, it is not at all clear what, specifically, Plaintiff is alleging or how he believes the Defendants' conduct makes them liable.

This claim is too unintelligible to require a response from Defendants or to withstand a motion to dismiss, as it does not meet the minimum pleading standards set forth in Rule 8(a). See Fed. R. Civ. P. 8(a); Wynder v. McMahon, 360 F.3d 73, 79-80 (2d Cir. 2004). Plaintiff has failed to amend his Complaint (and supplemental Amended Complaint) to provide clarity to this claim despite having been given the opportunity to do so. Accordingly, I conclude – and

---

[22]   Presumably, Plaintiff intends to assert this claim under 42 U.S.C. Section 1983 as well.

15

respectfully recommend that Your Honor should conclude – that this claim should be dismissed. Id.

## VII. Attorneys' Fees and Sanctions

Plaintiff seeks attorneys' fees and sanctions against Defendants on the basis that the Defendants' motions to dismiss were frivolous. (Opp. at 5-6.) In light of the conclusions reached herein, it is apparent that Defendants' motions were not frivolous.

Accordingly, I conclude – and respectfully recommend that Your Honor should conclude – that Plaintiff's request for attorneys' fees and sanctions should be denied.

## CONCLUSION

For the foregoing reasons, I conclude – and respectfully recommend that Your Honor should conclude – that Defendants' motions to dismiss should be GRANTED in part and DENIED in part. Gail T. Schwarting should be dismissed as a defendant. Plaintiff's Fourteenth Amendment equal protection claim alleging discrimination on the basis of his union membership should proceed toward trial and all other claims should be dismissed.[23]

---

[23] Plaintiff pro se has filed numerous motions, most of which I have denied. Remaining open on the docket is Plaintiff's "MOTION DEMAND TRIAL BY JUDGE UPON THE MAGISTRATE'S SUA SPONTE RECUSAL FROM ENTERING JUDGMENT ON PLEADINGS & RULE 11 SANCTION." [Docket # 37]. Because Plaintiff appears to be seeking review of my denial of certain other motions he has filed, I leave this motion for your Honor's consideration.

**NOTICE**

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of seventeen (17) days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson.[24]

Dated: September 2, 2010
White Plains, New York

Respectfully Submitted,

Paul E. Davison
United States Magistrate Judge
Southern District of New York

---

[24] The Honorable Stephen C. Robinson is no longer on the bench, and this case is pending reassignment. See Docket # 54. Until the case has been reassigned, any submissions in response to this Report and Recommendation should be submitted to Judge Robinson's attention in accordance with the instructions set forth in this Notice. All deadlines remain in effect.

A copy of the foregoing Report and Recommendation has been sent to the following:

>The Honorable Stephen C. Robinson
>United States Courthouse
>300 Quarropas Street
>White Plains, New York  10601
>
>Wayne W. Nesmith, *pro se*
>711 St. Ouen St.
>Bronx, NY 10470
>
>Deveraux L. Cannick
>Aiello & Cannick
>69-06 Grand Avenue
>Maspeth, NY 11378
>
>Peter Sangjin Hyun
>New York State Office of the Attorney General
>120 Broadway
>New York, NY 10271