UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



WAYNE W. NESMITH,

                Plaintiff,

v.

MOUNT VERNON CITY SCHOOL DISTRICT,
GAIL SCHWARTING, JOHN DOES, WORKERS'
COMPENSATOIN BOARD, DAHLIA JACKSON,
Administrator for Human Services,

                Defendants.

09 Civ. 9949 (RO) (PED)

## ORDER

RICHARD OWEN, United States District Judge:

    *Pro se* Plaintiff Wayne Nesmith ("Plaintiff") brings this action against Defendants Mount Vernon School District (the "School District"), Gail Schwarting ("Schwarting"), John Does, Workers' Compensation Board (the "Board"), and Dahlia Jackson ("Jackson") asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the First, Eighth, and Fourteenth Amendments to the United States Constitution.

    Defendants move to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, Defendants' motion is hereby GRANTED.

## BACKGROUND

    The factual background of this action is provided in the Report and Recommendation ("the Report") of Magistrate Judge Paul E. Davison and will not be repeated here in full. By way of summary, Plaintiff was an assistant principal at Longfellow Middle School and was injured in

June, 2009 by a student who attacked him in the school cafeteria. As part of Plaintiff's recovery from physical and psychological injuries in the assault, he took leave from his position and sought workers' compensation benefits.

It is not clear from the pleadings or Plaintiff's other submissions, but Plaintiff appears to claim he did not receive the full amount of compensation benefits to which he believed he was entitled.

In general, Plaintiff appears to allege that Defendants conspired to deprive him of these benefits in multiple ways, including, among other things, submitting false claims to the workers compensation board, failing to pay benefits for part of 2009, and reducing Plaintiff's compensation based on him being re-assigned from title of administrator to teacher. Plaintiff also claims that he was deprived of his right to an attorney, paid for by Defendants per school district policy. Reading *pro se* Plaintiff's complaint, which asserts various claims that are difficult to discern, in a broad manner and providing his claims the most liberal construction possible, he asserts the following: that he experienced discriminated prohibited by Title VII; that he suffered disparate treatment and disparate impact discrimination on the basis of union membership; that he was denied workers' compensation benefits in violation of the Eighth Amendment's prohibition of cruel and unusual punishment; that the workers' compensation policy violated his Fourteenth Amendment rights to due process; and that his First Amendment rights were violated through its workers' compensation policy and when he reported to the police that he had been assaulted by a student.

The Report and Recommendation recommended that Plaintiff's Title VII claim, Eighth Amendment claim, First Amendment claim and Fourth Amendment due process claim be dismissed, and that Defendant Schwarting be dismissed as a Defendant, but that Plaintiff's Fourteenth Amendment Equal Protection claim survive. Thereafter, Defendant Workers

Compensation Board was terminated as a party to this case upon this Court's approval of the joint stipulation to dismissal of all claims as against that Defendant. [dkt. no. 65.]

## DISCUSSION

### A. Legal Standard under Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929, 949 (2007)).

Plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions" and more than "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S at 555. In addition, the facts pled in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* A district court considering a Rule 12(b)(6) motion must accept all factual allegations in the complaint as true, while also drawing all reasonable inferences in favor of the nonmoving party. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007); *Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir. 1999).=

### B. Standard of Review

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1). A district court judge, in making such determination, has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). Objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *See Vega v. Artuz*, 2002 WL 31174466, at *1, 2002 U.S. Dist. LEXIS 18270 (S.D.N.Y. 2002).

Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court also reviews the Report and Recommendation for clear error.

### C. **Plaintiff's Claims under Title VII, the First Amendment, the Eighth Amendment, and the Fourteenth Amendment's Due Process Clause**

The Report recommended that Plaintiff's Title VII, First Amendment, Eighth Amendment, and Fourteenth Amendment Due Process claims be dismissed for failure to state a claim. This Court concurs with the Report's recommendation, and those claims are hereby dismissed.

### D. <u>Plaintiff's Fourteenth Amendment Equal Protection Claim</u>

Plaintiff appears to make a Fourteenth Amendment equal protection claim of disparate impact on a "protected class" but fails to identify the protected class to which he purports to belong, even after provided with several opportunities, in the form of being given an opportunity to file amended pleadings and at conference before Magistrate Judge Davison, to identify the bases for discrimination. Plaintiff alleges that the workers' compensation policy was "discriminatory in operation" as it related to him because "the policy reduces the lost time wages from an administrator's pay to a teacher's pay; thus reduces the medical treatment and discontinues compensation benefits." (Amended Complaint at 3.) Plaintiff argues that Defendant Jackson "acted in concert [with Schwarting] in a conspiracy to deprive claimant its compensation benefits" and that Jackson "applied different standards of affording compensation." (<i>Id.</i> at 4.) Plaintiff further claims that Jackson's "arbitrary and capricious disparate treatment freezes the entire compensation benefits into discriminatory pattern" based on the fact that Plaintiff received reduced compensation "of administrator's pay of lost time wages to teachers pay," reduced medical benefits and "lost time wages," and based on the fact that Plaintiff was not provided counsel to assist in related proceedings. (<i>Id.</i>)

Before issuing the Report, Magistrate Judge Davison requested additional briefing from Defendants related to Plaintiff's purported Fourteenth Amendment equal protection claims for disparate treatment and disparate impact based upon Plaintiff's membership in an administrators' union. [see dkt. 47.] Defendants filed a supplemental affirmation in response, arguing that Plaintiff had failed to establish that he suffered discrimination as a result of membership in any protected class and that he had not, and was unable to, identify in which protected class he

purported to be. Defendants also argued that the Mount Vernon School District is not the entity that determines the validity of a worker's compensation claim.

The Equal Protection Clause directs state actors to treat similarly situated people alike by providing for equal protection of the laws and freedom from unjustified discrimination. *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to state an equal protection violation, a plaintiff must allege purposeful discrimination directed at an identifiable or suspect class. *See Kadrmas v. Dickinson Pub. Schs.*, 487 U.S. 450, 457-58 (1988). As such, the Equal Protection Clause protects individuals from discriminatory acts by state and municipal officials based on union membership; union members are not a suspect class, but acts of alleged discrimination based on such membership must satisfy the rational basis test to survive scrutiny. *See City of Charlotte v. Local 660, International Associate of Firefighters*, 426 U.S. 283, 285-86 (1976) (city's refusal to withhold due from paychecks of union members must meet standard of reasonableness to survive scrutiny); *see also Local 479, AFSCME, Council 4, AFL-CIO v. Ment*, 945 F.Supp. 30. 36 (D.Conn 1996) (plaintiffs' equal protection claims dismissed where the plaintiff failed to sufficiently allege facts showing their discharge was on the basis of union membership).

Plaintiff has failed to state an equal protection claim and despite being given repeated chances to remedy any such deficiency, he fails to plead facts indicating he is able to plausibly make such a claim. "*Pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 79, 75 (2d Cir. 1996)). Nonetheless, a court "should not hesitate to dismiss a *pro se* complaint if it fails

altogether to satisfy the pleading standard." *Henry v. Davis*, 2011 WL 3295986, at *2 (S.D.N.Y. 2011) (*citing Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

Plaintiff's allegations that Defendants purposefully conspired in a scheme to create to deprive him of workers compensation payments and other rights to which he is entitled on the basis of his union membership, even assuming Plaintiff's allegations are all true, are insufficient to raise a right to relief about the speculative level. The requirement that Plaintiff plead "plausible grounds to infer [a violation] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [such violation] *Twombly*, 550 U.S at 556. Plaintiff's factual allegations do not raise the right to relief above the speculative level and do not allow the inference that Defendants are liable for the misconduct alleged.

As such, Plaintiff's claim is hereby dismissed without prejudice.

### E. **Plaintiff's Other motions**

Plaintiff also filed various other *pro se* motions [*see, e.g.*, dkt. nos. 30-34], most of which Judge Davison denied. (*See* Report at 16, n. 23.) One of Plaintiff's motions is entitled "Motion Demand Trial by Judge Upon the Magistrate Judge's *Sua Sponte* Recusal from Entering Judgment on Pleadings & Rule 11 Sanction." [*see* dkt. no. 37.] Because this motion sought review of Magistrate Judge's Davison's denial of various other motions [*see, e.g.*, dkt. nos. 30-34], Judge Davison refrained from ruling on this motion. This Court finds that Plaintiff's motion is without merit and it is therefore denied.

The Report also denied Plaintiff's motion for attorney's fees. This Court concurs with the Report's conclusion that Plaintiff's motion be denied.

Plaintiff's "Motion to Invoke Title VII" [dkt no. 67], is also hereby denied.

## CONCLUSION

For the reasons set forth above, this Court hereby concludes as follows:

Defendants' motion to dismiss is hereby GRANTED and Plaintiff's Title VII claim, Eighth Amendment claim, First Amendment claim, and Fourteenth Amendment Due Process claim are therefore hereby DISMISSED. Plaintiff's Fourteenth Amendment equal protection claim is DISMISSED without prejudice.

Plaintiff's motion for attorney's fees is hereby DENIED.

This Court concurs with the Report and Recommendation's denial of numerous *pro se* motions. Plaintiff's "Motion Demand Trial by Judge Upon the Magistrate Judge's *Sua Sponte* Recusal from Entering Judgment on Pleadings & Rule 11 Sanction" [dkt. no. 37] is hereby DENIED. Plaintiff's "Motion to Invoke Title VII" [dkt no. 67] is hereby DENIED.

SO ORDERED.

June 26, 2013

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE